UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60672-CIV-COHN/SELTZER

JESUS MACHADO,

      Petitioner,

v.

JULIE L. JONES, Secretary of the
Florida Department of Corrections,

      Respondent.
_____/

**ORDER DISMISSING SECOND OR SUCCESSIVE HABEAS PETITION
FOR LACK OF JURISDICTION**

**THIS CAUSE** is before the Court upon Petitioner Jesus Machado's Federal Rule of Civil Procedure Rule 60 Motion for Relief from Judgment [DE 42; DE 44] ("Motion").[1] The Court has carefully reviewed the Motion and is otherwise advised in the premises.

**I.    Background**

In May 2008, Machado filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] ("Petition").  The Petition raised two claims alleging that Machado's trial counsel had provided ineffective assistance. See DE 1; see also DE 2 (Mem. in Supp. of Pet.).  In November 2008, this Court denied the Petition on the merits.  See DE 17 (Final Order of Dismissal).  The Eleventh Circuit later denied Machado's request for a certificate of appealability and his motion for

---

[1]  Machado actually filed two separate motions about three months apart. But since the motions are substantively identical, the Court will treat them as one motion for purposes of this Order.

reconsideration.  See DE 38 (Order of May 12, 2009); DE 40 (Order of July 24, 2009).

Too, the Supreme Court denied Machado's petition for a writ of certiorari.  See DE 41

(11th Cir. Clerk's Letter of Dec. 22, 2009).

Over six years after his Petition was denied, Machado filed the instant Motion.

The Motion presents eight claims for relief, none of which were raised in Machado's

earlier Petition.  Invoking Rule 60(b) of the Federal Rules of Civil Procedure, the Motion

asks the Court "to grant relief from [the] judgment" and to order Machado's release as

well as a new trial.  DE 42 at 1; DE 44 at 1.

## II.    Discussion

Although the Motion purports to seek relief under Rule 60(b), the Court must

determine whether, in substance, it is a second or successive habeas corpus petition.

This is because the Court lacks jurisdiction to consider a second or successive petition

unless the Eleventh Circuit has authorized such review.  See 28 U.S.C. § 2244(b)(3)(A)

("Before a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application.").  In this regard,

> a Rule 60(b) motion is to be treated as a successive habeas
> petition if it: (1) "seeks to add a new ground of relief;" or
> (2) "attacks the federal court's previous resolution of a claim
> on the merits."  Where, however, a Rule 60(b) motion
> "attacks, not the substance of the federal court's resolution
> of a claim on the merits, but some defect in the integrity of
> the federal habeas proceedings," the motion is not a
> successive habeas petition.

Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (per curiam) (quoting

Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)) (citations omitted).

Here, Machado's Motion does not assert defects in the integrity of his prior habeas proceedings.  Instead, as noted above, the Motion adds new claims not raised in Machado's earlier Petition.  The Court thus concludes that the Motion is a second or successive habeas petition rather than a Rule 60(b) motion.  Further, Machado has not obtained an order from the Eleventh Circuit allowing this Court to consider the petition. The Court therefore must dismiss the Motion for lack of jurisdiction.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A); <u>Williams</u>, 510 F.3d at 1293-94.

**III.    Conclusion**

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Federal Rule of Civil Procedure Rule 60 Motion for Relief from Judgment [DE 42; DE 44] is **DISMISSED** for lack of jurisdiction.  If Petitioner wishes to pursue the claims set forth in his Motion, he must apply to the United States Court of Appeals for the Eleventh Circuit for the authorization required by 28 U.S.C. § 2244(b)(3)(A).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Jesus Machado
DC #401444
Marion Correctional Institution
Inmate Mail/Parcels
Post Office Box 158
Lowell, FL  32663